RALPH R. BEISTLINE, Senior United States District Judge
Before the Court at Docket 27 is Defendant Rex Wayne Tillerson, in his official capacity as U.S. Secretary of State, et. al. (the Secretary), with a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, John Francis, Sr., opposes at Docket 29, and Defendant replies at Docket 30.
The Court has reviewed in detail the moving papers and the facts surrounding this matter, which generally are undisputed. Plaintiff contends that the Secretary violated his fundamental rights as a U.S. citizen when his passport was revoked while living abroad. The Secretary responds, however, that it was well within its rights to revoke the passport of one who is subject to arrest for felony charges in the United States, and that Plaintiff was afforded all of his due process rights at the time of revocation.
As the Secretary notes, the United States Supreme Court, as well as the Ninth Circuit, clearly has stated that the Secretary does not violate one's due process rights when a passport is revoked for legitimate rational reasons, and the passport bearer has been told of the reasons and has been provided an opportunity for a prompt revocation hearing. Haig v. Agee , 453 U.S. 280, 309-10, 101 S.Ct. 2766, 69 L.Ed.2d 640 (1981), and Eunique v. Powell , 302 F.3d 971, 975 & n.7 (9th Cir. 2002). Moreover, the Secretary may revoke a passport under 22 C.F.R. §§ 51.62(a)(1) and 51. 60(B)(9) once informed by competent authority that the applicant or the bearer of that passport is the subject of an outstanding state or local warrant of arrest for a felony.
In the instant case, Plaintiff was in fact the subject of an arrest warrant from the State of Alaska for three felonies; this is undisputed. Plaintiff was notified of the reasons for revocation; this is undisputed. And, Plaintiff was provided an opportunity for a post-revocation hearing; this, too, is undisputed. The Secretary was not required to provide a lawyer for Plaintiff. Furthermore, given these undisputed facts, there is no reason to believe that a post-revocation hearing, had Plaintiff timely requested one, would have accrued to Plaintiff's benefit. As the Secretary notes *998 in his moving papers, nothing further is required under the Due Process Clause of the United States Constitution. In addition, Plaintiff was offered a limited passport for the purpose of returning to the United States to address the felony charges against him, which offer he refused but which remains open.
Given the undisputed facts hereof, even when taken in a light most favorable to Plaintiff, Plaintiff's Amended Complaint fails to state a cause of action against the Secretary upon which relief can be granted, and cannot be amended to do so. In other words, there is nothing legally invalid about the Secretary's actions in revoking Plaintiff's passport at the time, in the manner, and for the reasons he did. Nor was it inappropriate for the Secretary to proceed with this motion at this stage of the litigation.
Therefore, for the reasons set forth above, as well as for those reason set forth by the Secretary in his moving papers, this matter is hereby DISMISSED IN ITS ENTIRETY WITH PREJUDICE.
IT IS SO ORDERED this 9th day of January, 2018, at Anchorage, Alaska.